UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY THOMPSON (#89353)                         CIVIL ACTION NO.

VERSUS                                            19-715-SDD-EWD

JOHN BEL EDWARDS, ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 6, 2020.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHNNY THOMPSON (#89353)**          **CIVIL ACTION NO.**

**VERSUS**                            **19-715-SDD-EWD**

**JOHN BEL EDWARDS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Johnny Thompson ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against John Bel Edwards, Jeff Landry, "Louisiana State Legislatures," and Jean-Paul Morrell.[1] Plaintiff complains that his constitutional rights were violated as a result of Louisiana law allowing for convictions by a non-unanimous jury.[2]

Under 28 U.S.C. § 1915A, a court is required to screen actions brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity regardless of whether the prisoner is proceeding *in forma pauperis*.[3] Any claims that are frivolous or malicious; fail to state a claim on which relief may be granted; or seek monetary relief against a defendant who is immune from such relief are subject to dismissal in the screening process.[4] 28 U.S.C. § 1915(e) permits dismissal of claims on essentially the same bases where a plaintiff is proceeding *in forma pauperis*.[5]

---

[1] R. Docs. 1 & 3. John Bel Edwards is the Governor of Louisiana. Jeff Landry is the Attorney General of Louisiana. Jean-Paul Morrell was a Louisiana state senator at the time this lawsuit was filed.
[2] R. Doc. 3.
[3] 28 U.S.C. § 1915A(a). 28 U.S.C. § 1915(e) permits dismissal of claims on the same bases where a plaintiff is proceeding *in forma pauperis*.
[4] 28 U.S.C. § 1915A(b).
[5] Plaintiff was granted pauper status on November 1, 2019. R. Doc. 5.

In *Wilson v. Lynaugh*,[6] the court held that complaints may be dismissed as frivolous under 28 U.S.C. § 1915 if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. In *Pittman v. Moore*,[7] the court noted that it is "malicious" for purposes of a § 1915 analysis to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit."[8]

In the instant matter, Plaintiff's complains that conviction by a non-unanimous jury violates constitutional rights.[9] Plaintiff previously filed suit in federal court in the Eastern District of Louisiana complaining of convictions by non-unanimous juries.[10] Months before this case was filed, the Eastern District dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, finding that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as his § 1983 claims that his conviction by a non-unanimous jury was unconstitutional would necessarily imply that his conviction and sentence were invalid.[11] Plaintiff's claims were dismissed *with* prejudice by the Eastern District until such time as the *Heck* conditions are met. Plaintiff has not alleged in this suit that the *Heck* conditions have now been satisfied, and his claim is essentially identical to the suit he brought previously. To the extent that Plaintiff attempts to add new defendants in this case, his claim remains malicious because it arises out of a common nucleus of

---

[6] 878 F.2d 846 (5th Cir. 1989) (dismissing duplicative suit as frivolous under 28 U.S.C. § 1915(d), now section (e)).
[7] 980 F.2d 994, 994–995 (5th Cir. 1993) (dismissing duplicative suit as frivolous under 28 U.S.C. § 1915(d), now section (e)).
[8] *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).
[9] R. Doc. 3.
[10] *See Thompson v. Landry*, Civil Action No. 19-766 (E.D. La.), R. Doc. 9, p. 7.
[11] *Id.* Plaintiff was also granted pauper status in the Eastern District. *See Thompson v. Landry*, Civil Action No. 19-766 (E.D. La.), R. Doc. 8.

2

operative facts that could have been brought in the prior litigation.[12]  Because Plaintiff's claims in this suit are duplicative and malicious, they are subject to dismissal pursuant to 28 U.S.C. §§ 1915A.[13]

In addition to Plaintiff's claims being duplicative and malicious, he lacks standing to obtain the relief requested.  For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.[14]  Here, Plaintiff complains only generally about non-unanimous jury verdicts and the racist past from which these types of laws come.  Plaintiff does not present the Court with any specific facts; rather, he requests that the Court declare that "the law regarding the allowance of non-unanimous jury verdicts was formed and premised on racism against black people and to silence the voices and votes of black jurors."[15]  Were this Court to make this type of pronouncement, it would not result in "specific relief through a decree of a conclusive character."[16] "[B]ecause federal courts may only hear cases or controversies under Article III, it is unconstitutional for the Court to issue mere advisory opinions." Any opinion in this case, considering the lack of specific facts, would be just that.[17]  Accordingly, Plaintiff also lacks standing to obtain the declaratory relief sought.

---

[12] *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); *Wilson v. Lynaugh,* 878 F.2d 846 (5th Cir. 1989) ("*res judicata* bars all claims that were brought or could have been brought based on the operative factual nucleus").
[13] *See Segue v. Carollo*, No. 14-2842, 2015 WL 2089759, at *3 (E.D. La. Apr. 30, 2015).
[14] *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977).
[15] R. Doc. 1, p. 3.
[16] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).
[17] *Michigan v. Long*, 463 U.S. 1032, 1036-43 (1983).

3

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[18]

Signed in Baton Rouge, Louisiana, on April 6, 2020.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."